The Honorable Charlie Laster State Senator, District 17 State Capitol Building, Room 413 Oklahoma City, Oklahoma 73105
Dear Senator Laster:
This office has received your request for an official Attorney General Opinion in which you ask the following question:
 If the president of an Oklahoma institution of higher education were made an ex-officio, nonvoting member of the board of trustees (board of directors) of the institution's university-related foundation, would the institution, pursuant to the terms of 70 O.S. Supp. 2005, § 4306[70-4306](D), be prohibited from receiving funds from such foundation unless the foundation made its financial records available to auditors who are performing audits of the institution, where the bylaws of the foundation define its officers as Chairman of the Board of Trustees, Vice Chairman of the Board of Trustees, President and Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Vice-President(s), General Counsel, Assistant Vice President(s), Secretary, Assistant Secretary and Treasurer?
Title 70 O.S. Supp. 2005, § 4306[70-4306](D) provides:
 Neither the Oklahoma State Regents for Higher Education nor any institution or agency of The Oklahoma State System of Higher Education shall receive any funds, services, or thing of value from any college- or university-related foundation which has any officers or employees who are officers or employees of any institution or agency of the State System or State Regents unless such foundation makes all its financial records and documents, including work papers, except for names of donors, available to auditors who are performing audits of the institution or agency.
Section 4306(D) requires that a foundation make available its financial records to the university's auditors when a university receives funds from its foundation, if the foundation has officers or employees who are also officers or employees of the university. We understand that the purpose of your request is to determine whether the provision of this information is required if the President of the Oklahoma State University serves as an ex-officio, nonvoting member of the Oklahoma State University's Foundation ("Foundation"). The issue, then, is whether the President of the Oklahoma State University, if made an ex-officio, nonvoting member of the board of trustees of the Foundation, is an "officer" or "employee" of the Foundation as those terms are used in Section 4306(D).
"Statutory construction must begin with the language employed by [the Legislature] and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose."Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.,541 U.S. 246, 252 (2004) (citation omitted); see also 25 O.S. 2001, § 1[25-1] ("Words used in any statute are to be understood in their ordinary sense. . . ."). Dictionary definitions are frequently used "to ascertain the `ordinary meaning' of statutory text that does not arise in a technical context." Motions Sys. Corp. v.Bush, 437 F.3d 1356, 1367 (Fed. Cir. 2006), petition for cert.filed (U.S. May 10, 2006) (No. 05-1443) (quoting Engine Mfrs.Ass'n, 541 U.S. at 252-53). Black's Law Dictionary (5th ed. 1979) defines "officer" as a "[p]erson holding office of trust, command or authority in corporation, government, . . . or other institution or organization." Id. at 977; see Motions Sys.Corp., 437 F.3d at 1367; CFSM Corp. v. Elbert McKee Co.,870 F. Supp. 819, 833 (N.D. Ill. 1994).
In your question you stated that the bylaws of the Foundation define its officers as "Chairman of the Board of Trustees, Vice Chairman of the Board of Trustees, President and Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Vice-President(s), General Counsel, Assistant Vice President(s), Secretary, Assistant Secretary, and Treasurer." However, given the ordinary meaning of "officer," we believe that a director is also an officer of the Foundation. Courts with similar facts deciding this issue have so held. See, e.g., Monroe v.Scofield, 135 F.2d 725, 726 (10th Cir. 1943) ("A director is an officer of a corporation."); Cosgriff v. Duluth Firemen's ReliefAss'n, 46 N.W.2d 250, 253 (Minn. 1951) ("That a director is ordinarily regarded as a corporate officer is well established."). See generally 2 WILLIAM MEADE FLETCHER, FLETCHERCYCLOPEDIA OF PRIVATE CORP. § 271 (West, WESTLAW through 2006) ("In a broad sense, a director of a corporation is an officer.").
The Amended and Restated Bylaws of the Oklahoma StateUniversity Foundation, approved on May 20, 2005, [hereinafterBylaws] outline the powers of a director.[1] It states that "the corporation's powers shall be exercised by or under the authority of, and the business affairs of the corporation shall be managed and conducted by the Board of Trustees[.]" Bylaws,
Art. IV, § 1, at 3. We believe that these broad powers establish that a director of the Foundation is a person holding an office of trust, command or authority in the Foundation, and therefore is an officer of the Foundation.
That the President may be an ex-officio, nonvoting member of the Board does not change our conclusion that he or she is an officer of the Foundation. "A person is charged with ex officio
duties [simply] by reason of another office which he or she holds." A.G. Opin. 98-43, at 204. The fact that the President cannot vote does not negate the fact that he or she still holds a position of trust, command and authority; that he or she still is in a position of influence; and that he or she still may act under color and by virtue of his or her office. We believe that Section 4306(D) requires the Foundation to make available its financial records to the Oklahoma State University's auditors when the Oklahoma State University receives funds from its Foundation during the time that the President of the Oklahoma State University is serving as an ex-officio, nonvoting member of the board of trustees of the Foundation.
The president of a university who serves on the university's foundation as an ex-officio, nonvoting member of the board of trustees of the foundation is an officer of the foundation. Because the president of the university serving on the foundation in this capacity is an officer of the foundation, pursuant to Section 4306(D), the foundation is required to make available its financial records to the university's auditors when the university receives funds from the foundation.
It is, therefore, the official Opinion of the Attorney Generalthat:
 If the president of an Oklahoma institution of higher education were made an ex-officio, nonvoting member of the board of trustees (board of directors) of the institution's university-related foundation, the institution, pursuant to the terms of 70 O.S. Supp. 2005, § 4306[70-4306](D), is prohibited from receiving funds, services or anything of value from such foundation unless the foundation makes its financial records available to auditors who are performing audits of the institution.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
BRINDA K. WHITE ASSISTANT ATTORNEY GENERAL
[1] A copy of the Bylaws is on file with the Attorney General's office.